IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RUSSELL MURPHY                                                    PLAINTIFF

vs.                               Civil No. 6:11-cv-06048

MICHAEL J. ASTRUE                                                DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Russell Murphy ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.      **Background:**

Plaintiff protectively filed his disability applications on January 26, 2009.  (Tr. 9, 94-100). Plaintiff claims to be disabled due to COPD.  (Tr. 124).  He claims his COPD causes him shortness of breath.  *Id.*  Plaintiff alleges an onset date of December 23, 2008.  (Tr. 9, 124).  These applications were denied initially and again upon reconsideration.  (Tr. 42-45).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

Thereafter, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted.  (Tr. 61-62, 64-86).  Plaintiff's administrative hearing was held on May 18, 2010 in Memphis, Tennessee.  (Tr. 9, 24-41).  Plaintiff was present and was represented at the hearing in this matter.  (Tr. 24-41).  Only Plaintiff testified at the hearing.  *Id.*

On June 4, 2010, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI.  (Tr. 9-18).  In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2012.  (Tr. 11, Finding 1).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since December 23, 2008, his alleged onset date.  (Tr. 11, Finding 2).  The ALJ determined Plaintiff had the following severe impairments: chronic obstructive pulmonary disease ("COPD"); atrial fibrillation; and alcohol dependence.  (Tr. 11-12, Finding 3).  The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 12, Finding 4).

The ALJ determined Plaintiff was fifty-five (55) years old on his alleged disability onset date.  (Tr. 16, Finding 8).  Such an individual is defined as a "person of advanced age" under 20 C.F.R. § 404.1563(c) (2012) (DIB) and 20 C.F.R. § 416.963(c) (2010) (SSI).  (Tr. 16, Finding 8).  Further, the ALJ determined Plaintiff had at least a high school education and was able to communicate in English.  (Tr. 16, Finding 9).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC.  (Tr. 12-16, Finding 5).  First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except: should avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, etc.

*Id.* "Medium Work" is defined as follows:

> Medium work.  Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds.  If someone can do medium work, we determine that he or she can also do sedentary and light work.

20 CFR §§ 404.1567(c), 416.967(c).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 16, Finding 6).  The ALJ found Plaintiff's PRW included work as a drywall hanger or framer (skilled, very heavy).  *Id.* Because Plaintiff's RFC limited him to medium work, the ALJ found Plaintiff was unable to return to his PRW.  (Tr. 16, Finding 6).  The ALJ, however, also evaluated whether there was other work existing in significant numbers in the national economy Plaintiff could perform.  (Tr. 16-17, Finding 11).

Based upon Medical-Vocational Guidelines ("Grids") Rule 203.15, the ALJ determined there were a significant number of jobs in the national economy Plaintiff could perform.  (Tr. 16-17, Findings 10-11).  Because Plaintiff was found to be able to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from December 23, 2008 through the date of his decision or through June 4, 2010.  (Tr. 17-18).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision.  (Tr. 5).  *See* 20 C.F.R. § 404.968 (2011).  The Appeals Council declined to review this unfavorable decision.  (Tr. 1-3).  On June 24, 2011, Plaintiff filed the present appeal.  ECF No. 1. The Parties consented to the jurisdiction of this Court on August 1, 2011.  ECF No. 5.  Both Parties have filed appeal briefs.  ECF Nos. 8-9.  This case is now ready for decision.

2.    **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In his appeal brief, Plaintiff raises the following five claims: (1) the ALJ erred by discrediting his symptoms of shortness of breath and atrial fibrillation; (2) the ALJ erred in finding he had no nonexertional limitations; (3) the ALJ erred by failing to utilize the testimony of a Vocational Expert ("VE"); (4) the ALJ erred by failing to fully and fairly develop the record; and (5) the ALJ erred by failing to give proper consideration to his chronic pain.  ECF No. 8.  Because this Court agrees with Plaintiff's third argument and finds the ALJ erred by failing to hear testimony from a VE and by relying upon the Grids, this case must be reversed and remanded.

The Medical-Vocational Guidelines or "the Grids" are used to evaluate the claimant's age, education, past work experience, and RFC in order to determine whether that claimant is disabled.

5

The Grids, however, cannot be mechanically applied in all cases.  *See Asher v. Bowen,* 837 F.2d 825, 827-28 (8th Cir. 1988).  If a claimant suffers from a significant nonexertional impairment that diminishes that claimant's ability to perform a full range of work (sedentary or otherwise), then the ALJ may not rely upon the Grids.  *See Sanders v. Sullivan,* 983 F.2d 822, 823-24 (8th Cir. 1992). Instead, the ALJ must rely upon the testimony of a VE or other similar evidence to determine whether the claimant is disabled.  *See id.*  One such nonexertional impairment is a breathing or environmental restriction.  *See Sanders,* 983 F.2d at 823 (holding that examples of nonexertional limitations include "mental, sensory, or skin impairments, as well as impairments which result in postural and manipulative limitations or environmental restrictions") (citation omitted).

In the present action, the ALJ recognized Plaintiff has a breathing restriction that appears to significantly diminish his ability to perform the full range of medium work.  (Tr. 12, Finding 5). Specifically, the ALJ found Plaintiff "should avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, etc." because of his COPD.  *Id.*  As noted above, this breathing restriction is a nonexertional impairment.  *See Sanders,* 983 F.2d at 823.  Thus, because the ALJ recognized Plaintiff suffers from this nonexertional impairment that potentially impacts his ability to perform the full range of medium work, the ALJ should have accounted for this restriction by hearing testimony from a VE.  Because the ALJ did not consider testimony from a VE prior to rendering his opinion, this case must be reversed and remanded.[2]  *See Sanders,* 983 F.2d at 823-24.

---

[2] The ALJ attempts to justify this failure by relying upon SSR 83-14.  (Tr. 17).  This regulation presumes that certain contaminants *should not be considered* nonexertional impairements impacting a claimant's ability to perform a full range of work.  This regulation, however, only applies when the contaminants are "commonly known *not* to exist in most workplaces."  (emphasis added).  The ALJ did not explain how "fumes, odors, dusts, gases, poor ventilation, etc." are "commonly known not to exist in most workplaces."  Thus, this reasoning provides no basis for avoiding the requirement that he call a VE.

**4.** **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 24th day of May 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE