IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RUSSELL MURPHY                                                                                    PLAINTIFF

vs.                                             Civil No. 6:11-cv-06048

MICHAEL J. ASTRUE                                                                               DEFENDANT
Commissioner, Social Security Administration

## ORDER

Pending now before this Court is Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"). ECF No. 12. Defendant has responded to this Motion, and Defendant claims this fee request should be reduced by 1.24 hour. ECF No. 15. The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5. Pursuant to this authority, the Court issues this Order.

1. **Background:**

Russell Murphy ("Plaintiff") appealed to this Court from the Secretary of the Social Security Administration's ("SSA") denial of his request for disability benefits. ECF No. 1. On May 24, 2012, Plaintiff's case was reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). ECF Nos.10-11.

On August 7, 2012, Plaintiff filed the present Motion requesting an award of attorney's fees under the EAJA. ECF No. 12. With this Motion, Plaintiff requests an award of attorney's fees of $3,613.50, representing 21.90 hours of attorney work at an hourly rate of $165.00. ECF No. 12. Defendant responded to this Motion on August 16, 2012, and Defendant objects to 1.24 hour of Plaintiff's fee request. ECF No. 15. After this reduction, Defendant claims Plaintiff is only entitled

to attorney's fees in the amount of $3,408.90. *Id.*

2.  **Applicable Law:**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified. The Secretary has the burden of proving that the denial of benefits was substantially justified. *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified"). An EAJA application also must be made within thirty days of a final judgment in an action, *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)). The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . ."Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to

shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990). *See also* General Order 39 ("Attorney's Fees Under the Equal Access to Justice Act").

3. **Discussion:**

In the present action, Plaintiff's case was remanded to the SSA. ECF Nos. 10-11. Defendant does not contest Plaintiff's claim that he is the prevailing party and does not oppose his application for fees under the EAJA. ECF No. 15. This Court construes the lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party.

Plaintiff requests a total award of $3,613.50, representing 21.90 hours of attorney work at an hourly rate of $165.00. ECF No. 12. This hourly rate of $165.00 is authorized by the EAJA as long as the CPI-South index justifies the enhanced rate. *See* General Order 39. *See also* 28 U.S.C. § 2412(d)(2)(A); *Johnson,* 919 F.2d at 504. In the present action, Plaintiff's requested rate of $165.00 per hour is authorized by CPI-South index. Thus, this hourly rate is authorized by the EAJA, and this Court finds Plaintiff is entitled to $165.00 per attorney hour for the hours worked

in 2011 and 2012.

Further, this Court has reviewed Plaintiff's request for 21.90 hours of attorney work. ECF No. 12-2. Defendant objects to 1.24 hour of this request for two reasons. ECF No. 15. First, Defendant claims Plaintiff's fee request should be reduced by .24 hour because it is duplicative. *Id.* Upon review, this Court finds Defendant is correct in this argument. There are several entries included in the itemized statement from Plaintiff's attorney regarding reviewing the "Order of Reference" and the order approving *in forma pauperis* standing. ECF No. 12-2. Thus, this Court reduces Plaintiff's fee amount by .24 on this basis.

Second, Defendant claims Plaintiff's fee request should be reduced by 1.0 hour because his counsel seeks compensation for trips to the courthouse. On June 23, 2011 and June 24-30, 2011, Plaintiff seeks compensation for his attorney's time expended in taking "Trip[s] to Courthouse." ECF No. 12-2. As Defendant argues, such "Trip[s]" should be considered clerical in nature and, as such, are not compensable under the EAJA. *See Granville House, Inc. v. Dep't of HEW,* 813 F.2d 881, 884 (8th Cir. 1987) (holding that work which could have been completed by support staff is not compensable under the EAJA). This Court agrees with Defendant and finds these "Trip[s]" are not compensable under the EAJA.

The next issue to determine is the amount of time Plaintiff's fee petition should be reduced as a result of these "Trip[s]." These "Trip" entries are grouped with other entries so it is difficult to determine the amount of time expended for the "Trip[s]" alone. However, based upon a review of these entries, Defendant's request that this amount be reduced by 1.0 is appropriate. Accordingly, in total, this Court reduces Plaintiff's requested fee award by 1.24 hour (.24 hour in addition to 1.0 hour). After this reduction, Plaintiff is awarded 20.66 hours at an hourly rate of $165.00 for a total

award of $3,408.90.

Defendant claims the fees awarded should be paid directly to Plaintiff pursuant to *Ratliff*. ECF No. 15. *Ratliff* requires that attorney's fees be awarded to the "prevailing party" or the litigant. *See Astrue v. Ratliff,* 130 S.Ct. 2521, 2528 (2010). Thus, these fees must be awarded to Plaintiff, not to Plaintiff's attorney. However, if Plaintiff has executed a valid assignment to Plaintiff's attorney of all rights in an attorney's fee award and Plaintiff owes no outstanding debt to the federal government, the attorney's fee may be awarded directly to Plaintiff's attorney.

**4.   Conclusion:**

Based upon the foregoing, the Court awards Plaintiff **$3,408.90** in attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412.

**ENTERED** this **22nd day of August 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE